CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 10 2012

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MALCOLM MUHAMMAD, | ) | Civil Action No. 7:12cv00043 |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| DR. L. TATRO *et. al.*, | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

This is an action pursuant to 42 U.S.C. § 1983 for injunctive relief, declaratory relief, and damages by plaintiff Malcolm Muhammad, a Virginia inmate proceeding *pro se,* alleging that Dr. L. Tatro and K. Givens, both employees of Wallens Ridge State Prison at the time of the alleged incidents, violated his Eighth Amendment right to be free from cruel and unusual punishment. Muhammad alleges that Tatro and Givens were deliberately indifferent to a serious medical need while he received multiple dental treatments in 2011, including dentures, tooth extractions, and treatment for abscesses. Tatro and Givens have now separately moved to dismiss Muhammad's complaint for failure to state a claim. Viewing Muhammad's complaint in the light most favorable to him, the court denies both motions with respect to the deliberate indifference claims that arise out of absent dental treatment between late March and August 16, 2011. Because Muhammad does not allege facts to plausibly suggest deliberate indifference against Givens or Tatro outside of that time period, the court dismisses all of Muhammad's other claims.[1]

---

[1] The court bases this opinion on Muhammad's amended complaint.

# I.

On March 10, 2011, Muhammad requested dental treatment due to a broken tooth. Givens acknowledged Muhammad's request on March 16th and wrote, "I will tell the dentist." In addition to this formal request, Muhammad told Tatro about his condition when Muhammad received upper dentures in March. Tatro then said he would call Muhammad soon. On March 24th, Muhammad filed another request to have his tooth pulled due to infection fears and pain while eating. Givens responded to this request on March 28th.

On August 16th, Tatro prescribed antibiotics to Muhammad after an exam and x-rays showed three teeth with abscesses. Muhammad alleges that the time in between this examination and his requests for treatment caused the infection, as well as pain, tooth decay, and cuts on his tongue. On September 14th, Tatro extracted one of Muhammad's lower left teeth. Following this procedure, Muhammad requested pain pills. Staff prescribed Motrin in response; however, the pills did not reach Muhammad and did not appear on a missed medical list due to a programming error. Nonetheless, Muhammad received pain medication the next morning.

On October 6th, Muhammad requested extractions for two more teeth. Tatro scheduled the surgery for October 26th, but Muhammad had a headache and asked for a different date. On November 14th, Muhammad consented to oral surgery and later requested to have the stitches removed after November 18th but before November 24th. An Offender Request for Information form indicates that Muhammad asked for the stitches to be removed on November 27th. During the week of November 28th, correctional officers notified dental about Muhammad's complaints

and told Muhammad that they would take him to dental if possible; however, the prison was on lockdown that week.[2]

On December 4th, nurses removed Muhammad's stitches and prescribed antibiotic and pain medication. Prior to removal, Muhammad filed at least two emergency grievances alleging that he had swollen, red, and infected gums, all of which were procedural risks described in the Consent for Oral Surgery and Dental Procedures form that Muhammad signed on November 14th. Muhammad maintains that nurses did not believe these emergency complaints because Tatro did not report that Muhammad had stitches. However, one response to Muhammad's December 2nd emergency grievance indicates that Muhammad's grievance did not meet the definition of an emergency. The form also shows that a nurse assessed Muhammad and referred the matter to the dental office. Finally, on December 5th, Tatro saw Muhammad at his office and allegedly thought the stitches came out on their own. Following this visit, Muhammad filed complaints about waiting for dentures.

## II.

Givens and Tatro have moved to dismiss Muhammad's complaint under Rule 12(b)(6) for failure to state a claim for relief. Viewing Muhammad's complaint in the light most favorable to him, the court denies both motions with respect to the deliberate indifference claims that arise between late March and August 16, 2011. The court finds that Muhammad fails state a claim to an Eighth Amendment violation outside of that time period and will therefore dismiss all other claims against Givens and Tatro.

---

[2] "The court may also consider exhibits attached to the complaint. In the event of conflict between the bare allegations of the complaint and any attached exhibit, the exhibit prevails." United States v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citations omitted).

To survive a Rule 12(b)(6) motion, the pleading must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) (citation omitted). Courts must liberally construe *pro se* complaints, Erickson v. Pardue, 551 U.S. 89, 94 (2007), and accept the claimant's factual allegations as true. Hemi Group, LLC v. City of N.Y., 130 S. Ct. 983, 986–87 (2010). However, this tenet is "inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To demonstrate a claim for denial of medical care, a plaintiff must show that prison officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F. Supp. 487, 492 (E.D. Va. 1995). Appropriate treatment for a medical need is "one of medical necessity" and "not simply that which may be considered merely desirable." Bowring v. Godwin, 551 F.2d 44, 48 (4th Cir. 1977). Deliberate indifference goes beyond mere negligence. Farmer v. Brennan, 511 U.S. 825, 835 (1994). To constitute deliberate indifference, a prison official must be aware of facts from which he could draw an inference that a substantial risk of harm exists, he must draw that inference, and he must disregard the risk by failing to take "reasonable measures" to alleviate the risk. Id. at 832, 837. "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990) (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Furthermore, neither claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment nor allegations of malpractice or negligence in treatment state

4

cognizable constitutional claims under the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir .1985); Estelle, 429 U.S. at 105–06.

Here, Muhammad alleges that he complained about a tooth problem in March and did not receive treatment for nearly five months, which caused him pain and suffering. Taking these allegations as true and viewing them in the light most favorable to Muhammad, the court finds that they plausibly suggest deliberate indifference and therefore denies the defendants' motions with respect to these claims.

All of Muhammad's other allegations fail to state a claim. Before late March and after August 16th, Muhammad alleges that he received upper dentures, a dental examination, x-rays, antibiotics for abscess, three tooth extractions, stitches with eventual removal, and pain medication following surgeries. In the future, he will also receive lower dentures. This treatment is hardly "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier, 896 F.2d at 851 (citing Rogers v. Evans, 792 F.2d 1052, 1058 (11th Cir. 1986)). Still, Muhammad is unhappy with his dental care. But "[d]isagreements between an inmate and a physician over treatment do not state a claim under § 1983 [unless exceptional circumstances are alleged]." Harris v. Murphy, F. Supp. 409, 414 (E.D. Va. 1990) (citing Wright v. Collins, 766 F.2d 841, 849 (4th Cir.1985)). And allegations of negligence or medical malpractice do not constitute an Eighth Amendment claim. Moreover, Muhammad simply does not allege facts to plausibly suggest that Givens or Tatro disregarded a risk of serious harm by failing to take "reasonable measures" to alleviate the risk. Rather, Muhammad *concludes* that Givens and Tatro were deliberately indifferent after describing ongoing dental treatment. The court therefore dismisses all of Muhammad's claims against Givens and Tatro that arise out of events before late March and after August 16th.

5

## III.

For the reasons stated, the court denies the defendants' motions to dismiss with respect to the deliberate claims arising out of absent dental treatment between late March and August 16, 2011. The court dismisses all of Muhammad's other claims.

**ENTER**: August 10, 2012.

_____
UNITED STATES DISTRICT JUDGE